UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
CASE NO.:

Bradley T. Lancaster,
and other similarly
situated individuals,

 Plaintiff(s),

v.

A.O.L., LLC,
d/b/a Almond Oil Company,

 Defendant
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Bradley T. Lancaster and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant A.O.C., LLC, d/b/a Almond Oil Company, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Bradley T. Lancaster is a resident of Gainesville, Alachua County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant A.O.C., LLC, d/b/a Almond Oil Company (from now on Almond Oil Company, or Defendant) is a Florida corporation having a place of business in Gainesville, Alachua County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. Defendant Almond Oil Company was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint occurred in Alachua County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Bradley T. Lancaster as a collective action to recover from Defendant overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all

other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2022, (the "material time") without being adequately compensated.

7. Defendant Almond Oil Company is a petroleum oil products wholesaler. Defendant has facilities located at 504 S.E. Williston Road, Gainesville, Florida, where Plaintiff worked.

8. Defendant Almond Oil Company employed Plaintiff Bradley T. Lancaster as a non-exempted, full-time, hourly employee from approximately February 28, 2022, to August 04, 2022, or 22 weeks.

9. Plaintiff worked under the supervision of operations manager Shannon Scott.

10. During the relevant period, Plaintiff performed as an office employee, and he was paid a wage rate of $22.11 an hour. Plaintiff's overtime rate should be $33.17 an hour.

11. Plaintiff had a regular schedule, and he worked five days per week, from Monday to Friday, from 7:00 AM to 5:00 PM (10 hours daily), or a total minimum of 50 hours weekly.

12. Plaintiff was paid for only 40 regular hours, but he was not paid for overtime hours, as required by law.

13. Plaintiff clocked in and out, and Defendant was in absolute control of his schedule and activities. Defendant knew the number of hours that Plaintiff and rrrrr similarly situated individuals were working.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid by direct deposits and with paystubs that did not provide accurate information, such as the number of hours worked.

16. On or about August 04, 2022, operations manager Shannon Scott asked Plaintiff why he was not coming to work earlier or stayed working late. Plaintiff answered that sometimes he did, but he did not get overtime compensation; thus, technically, Defendants owed him overtime hours. Operations manager Shannon Scott ordered Plaintiff to go home. Plaintiff obeyed and left the workplace. The same day, at 7:55 PM, operations manager Shannon Scott texted Plaintiff, informing him that he was fired.

17. Plaintiff Bradley T. Lancaster seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

20. This action is intended to include every office employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT</u>**

21. Plaintiff Bradley T. Lancaster re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant Almond Oil Company was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a wholesaler of petroleum oil products company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was an office employee handling sales orders, billing, and assisting with the sale of products that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

24. Defendant Almond Oil Company employed Plaintiff Bradley T. Lancaster as a non-exempted, full-time, hourly employee from approximately February 28, 2022, to August 04, 2022, or 22 weeks.

25. During the relevant period, Plaintiff performed as an office employee, and he was paid a wage rate of $22.11 an hour. Plaintiff's overtime rate should be $33.17 an hour.

26. Plaintiff had a regular schedule, and he worked five days per week, a minimum of 50 hours weekly.

27. Plaintiff was paid for only 40 regular hours, but he was not paid for overtime hours, as required by law.

28. Plaintiff clocked in and out, and Defendant was in absolute control of his schedule and activities. Defendant knew the number of hours that Plaintiff and ototherimilarly situated individuals were working.

29. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid by direct deposits and with paystubs that did not provide accurate information, such as the actual number of hours worked.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

33. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Seven Thousand Two Hundred Ninety-Seven Dollars and 40/100 ($7,297.40)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 22 weeks
    Relevant weeks of employment:  22 weeks
    Total hours worked: 50 hours weekly
    Total unpaid O/T hours:  10 overtime hours weekly
    Regular rate: $22.73 x 1.5=$33.17 O/T rate
    O/T rate: $33.17

    $33.17 x 10 O/T hours=$331.70 weekly x 22 weeks=$7,297.40

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

34. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provisions to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

35. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the

Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

36. Defendant Almond Oil Company willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Bradley T. Lancaster and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Bradley T. Lancaster and other similarly situated individuals and against Defendant Almond Oil Company based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Bradley T. Lancaster actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Bradley T. Lancaster demands trial by a jury of all issues triable as a right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3)

38. Plaintiff Bradley T. Lancaster re-adopts every factual allegation stated in paragraphs 1-20 of this complaint as if set out in full herein.

39. Defendant Almond Oil Company was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a wholesaler of petroleum oil products company. Defendant had more than two employees recurrently

engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

40. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was an office employee handling sales orders, billing, and assisting with the sale of products that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

41. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

42. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

43. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

44. Defendant Almond Oil Company employed Plaintiff Bradley T. Lancaster as a non-exempted, full-time, hourly employee from approximately February 28, 2022, to August 04, 2022, or 22 weeks.

45. During the relevant period, Plaintiff performed as an office employee, and he was paid a wage rate of $22.11 an hour. Plaintiff's overtime rate should be $33.17 an hour.

46. Plaintiff had a regular schedule, and he worked five days per week, a minimum of 50 hours weekly.

47. Plaintiff was paid for only 40 regular hours, but he was not paid for overtime hours, as required by law.

48. Plaintiff clocked in and out, and Defendant was in absolute control of his schedule and activities. Defendant knew the number of hours that Plaintiff and others similarly situated individuals were working.

49. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

50. Plaintiff was paid by direct deposits and with paystubs that did not provide accurate information such as the actual number of hours worked.

51. On or about August 04, 2022, operations manager Shannon Scott asked Plaintiff why he was not coming to work earlier or stayed working late. Plaintiff answered that sometimes he did, but he did not get overtime compensation; thus, technically, Defendants owed him overtime hours.

52. This complaint constituted protected activity under the FLSA.

53. However, Operations manager Shannon Scott ordered Plaintiff to go home. Plaintiff obeyed and left the workplace.

54. The same day, at 7:55 PM, operations manager Shannon Scott texted Plaintiff, informing him that he was fired.

55. On or about August 04, 2022, after Plaintiff complained about unpaid overtime wages, Defendant ordered Plaintiff to go home and then terminated Plaintiff's employment.

56. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

57. There is close proximity between Plaintiff's protected activity and his termination.

58. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendant. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

59. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

60. Plaintiff Bradley T. Lancaster has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff Bradley T. Lancaster respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Almond Oil Company that Plaintiff Bradley T. Lancaster recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant Almond Oil Company to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Bradley T. Lancaster further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Bradley T. Lancaster demands a trial by a jury of all issues triable as a right by a jury.

Dated: August 18, 2022

                                      Respectfully submitted,

                                      By:  **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone:     (305) 446-1500
                                      Facsimile:      (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*